{¶ 45} I respectfully dissent from the majority's decision. I believe that the evidence presented demonstrates that Officer Senn met his burden of proving residency within the city of Cleveland.
 {¶ 46} As the majority previously stated, in order to establish bona fide residency in the city of Cleveland, the Civil Service Commission requests a total of seven items of proof.[3] In the case at bar, Officer Senn submitted a lease agreement, rent application, and notice of rent increase for the 7 Bristol Avenue, Cleveland, Ohio property.[4] In addition, Officer Senn submitted a notarized letter from the owner/manager of the property located at 18432 Lakeshore Boulevard, Cleveland, Ohio. The letter states that the owner/manager of the property began renting the apartment to Officer Senn in July 2002. The letter further states that the owner/manager observed Officer Senn leaving the property for work and arriving back at the property after work. In addition, Officer Senn submitted copies of recent invoices and rent payments for his Lakeshore Boulevard apartment.[5]
 {¶ 47} In addition, Officer Senn presented his voter registration card establishing his residence as 7 Bristol Avenue, Cleveland, Ohio and also presented utility records in the form of his Cleveland Public Power invoice. Officer Senn also provided a certificate of title to his vehicle and a copy of his Ohio driver's license, further establishing his residence as 7 Bristol Avenue in Cleveland. Officer Senn also presented a number of cancelled checks, bills, and notarized letters from past and current neighbors.[6]
 {¶ 48} The evidence presented in the record demonstrates that Officer Senn provided the city with the required documentation to establish proof of residency, thereby satisfying his burden of proof. Officer Senn provided all that was requested from him by the rules of the Civil Service Commission. I believe that the trial court abused its discretion.
[3] Exhibit AA.
[4] See Exhibits G, H, and I.
[5] Exhibit W.
[6] Exhibits K, L, M, N, O, P, R.